UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL VICKERS and
MARY WILSON ON BEHALF
OF J.V. (MINOR),

    Plaintiffs,

v.

MT MORRIS TOWNSHIP, *et al.*,

    Defendants.

Case No. 19-cv-12250
Hon. Matthew F. Leitman

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO REMOVE GUARDIAN (ECF No. 7)

On July 31, 2019, Plaintiffs Michael Vickers and Mary Wilson (appearing on behalf of her minor son J.V.), filed this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF #1.) The Court thereafter entered an order in which it explained that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002). *See also Thompson v. Mohammed*, 2013 WL 4747537, at *1 (E.D. Mich. Sept. 4, 2013) ("The law is well settled that a parent may not represent the interests of a minor child *pro se* because a minor's personal cause of action is her own"). (*See* Order, ECF No. 6.) The Court therefore held that Wilson

1

could not appear *pro se* on her minor son's behalf. (*See id.*) The Court then instructed Vickers and Wilson that if J.V. wished to assert claims in this action, he needed to obtain counsel. (*See id.*)

J.V. has not obtained counsel. Instead, Wilson filed a motion asking the Court to remove her as J.V.'s guardian for the purposes of this action. (*See* Mot., ECF No. 7.) It appears that Wilson believed that if the Court granted her motion, J.V. could proceed *pro se* instead of retaining an attorney. However, because J.V. is a minor of an unknown age, the Court is not persuaded that he is competent to represent himself in this action.

After receiving Wilson's motion, the Court scheduled an in-person status conference to take place in the Detroit courthouse on March 2, 2020. (*See* Notice to Appear, ECF No. 9.) The purpose of the conference was to discuss Wilson's motion and the Court's order that J.V. retain counsel. But the status conference did not take place after Vickers asked the Court to hold the conference in its Flint courthouse instead of the Detroit courthouse. (*See* Ltr., ECF No. 10.) The Court has not been able to reschedule the conference due to the ongoing COVID-19 pandemic.

This action cannot proceed, with J.V. as a party, until (1) J.V. obtains counsel and/or (2) the Court holds an in-person status conference with Wilson, Vickers, and J.V. to discuss whether counsel can or should be appointed for J.V. or whether J.V. is competent to represent himself. Accordingly, the Court **DENIES** Wilson's

motion to remove herself as J.V.'s guardian (ECF No. 7) **WITHOUT PREJUDICE**. As soon as it is safe and practicable to do so, the Court will hold an in-person status conference in the Flint courthouse with Vickers, Wilson, and J.V. to discuss next steps in this action, including the Court's previous order that J.V. obtain counsel.

    **IT IS SO ORDERED**.

Dated: October 30, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764