UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. VICKERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MT. MORRIS TOWNSHIP POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 19-12250<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER, GRANTING DEFENDANTS' MOTION TO COMPEL, AND DENYING PLAINTIFFS' MOTION TO COMPEL [ECF NOS. 30, 32, 41]**

**A.**

Plaintiffs move for protective order, arguing that the disclosure of Plaintiff Michael Vickers' Social Security number, complete medical records for the past seven years, employment background, and criminal history are outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). ECF No. 30. But it is too late for plaintiffs to request a protective order.

Although Rule 26(c)(1) has no explicit deadline, most courts require motions for protective orders to be filed before discovery responses are due. *SMA Portfolio Owner, LLC v. Corporex Realty & Inv., LLC*, No. CV

11-168-DLB-JGW, 2014 WL 12650589, at *2 (E.D. Ky. Apr. 18, 2014); *William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 WL 2534207, at *4 (E.D. Mich. June 18, 2010).  At the very latest, a motion for protective order must be made by the deadline for responding to a motion to compel.

> There are strong reasons favoring simultaneously bringing a motion for protective order and a motion to compel, or bringing a motion for a protective order before any other discovery motions. Litigants, or non-parties, must realize that a motion to compel will likely resolve discovery issues with finality. If a court were to shape discovery, then face a later motion for protective order on the same subject matter, it would force the court to revisit issues already ruled upon. This legally and procedurally awkward position is what Respondent's tardy motion for protective order has now created.

*Convertino v. U.S. Dep't of Justice*, 260 F.R.D. 678, 681 (E.D. Mich. 2008).

In November 2021, defendants served plaintiffs with their first set of interrogatories and requests for production of documents.  ECF No. 23, PageID.217.  Defendants also served authorizations for employment and medical records.  *Id.*  When plaintiffs failed to respond, defendants moved to compel the authorizations and answers to the requests.  *Id.*, PageID.219.  The Court granted defendants' motion to compel these documents and ordered plaintiffs to "serve their discovery answers by February 24, 2022," warning "that their failure to comply with the discovery rules or court orders

2

may result in sanctions, including the dismissal of their complaint." *Id.*, PageID.275-276.

Plaintiffs moved for protective order in March 2022—long after their deadline for responding to defendants' motion to compel and after the Court-imposed deadline for serving discovery answers.  The Court thus **DENIES** the motion for protective order, ECF No. 30.

## B.

Defendants assert that plaintiffs failed to provide answers to some interrogatories and requests.  ECF No. 32-8, PageID.372.  Michael Vickers did not provide his medical history, medical records, Social Security number, arrest history, substances that he was taking at the time of the incident, alcoholic beverages that he consumed 24 hours prior to the incident, and the name and ages of his children.  ECF No. 32-8, PageID.372.  And Jerrell Vickers did not provide his medical history, medical records, or Social Security number.  *Id.*

Plaintiffs respond that they participated in an April 2022 deposition, conferred on a proposed protective order, and were reviewing the proposed order.  ECF No. 38; ECF No. 39.  But defendants reply that, as of April 28, 2022, plaintiffs failed to "sign and return the proposed protective order" and

respond to both the second and third requests for production. ECF No. 40, PageID.416-417. And discovery closed on April 28, 2022. ECF No. 22.

The Court warned plaintiffs that "failure to comply with the discovery rules or court orders may result in sanctions, including the dismissal of their complaint." ECF No. 28, PageID.275-276. Yet they failed to comply with the discovery order; plaintiffs did not produce documents and did not respond at all to defendants' second and third requests for production. Plaintiffs' failure to comply with the order is a serious violation that permits the Court to enter sanctions up to dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2). Thus, the Court **GRANTS** defendants' motion to compel, ECF No. 32, and **ORDERS** that:

- Within 7 days of the entry of this order, plaintiffs must serve defendants with answers to their requests for production of documents;

- Within 7 days of the entry of this order, plaintiffs must produce all documents requested by defendants in their requests for production of documents; and

- Within 7 days of the entry of this order, plaintiffs must serve defendants with the signed authorizations.

4

**If plaintiffs violate this order, the Court will recommend that their complaint be dismissed and that plaintiffs be ordered to pay defendants $500.00 in costs for having to file their motion.**

### C.

Plaintiffs move to compel discovery from defendants, arguing that they "must be permitted to know the specific citizen complaints history, arrest statistics, discipline reports, policies and training procedures" of defendants. ECF No. 41, PageID.431. And plaintiffs seek "the extension on the close of discovery of one additional month after production is made by defendants" to review the requested information. *Id*., PageID.432. But their motion fails to comply with the local court rules.

"Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2.

In their filing, plaintiffs include neither a "verbatim recitation" of the defendants' answers, responses, and objections nor a copy of the

discovery document.  Thus, the Court **DENIES** plaintiffs' motion to compel, ECF No. 41.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: May 4, 2022

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager