UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. VICKERS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>MT. MORRIS TOWNSHIP<br>POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | Case No. 19-12250<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

## REPORT & RECOMMENDATION TO DISMISS PLAINTIFFS' COMPLAINT

### I.    Introduction

Plaintiffs Michael Vickers and Jerrell Vickers, proceeding pro se and *in forma pauperis*, sue Mt. Morris Township, its police department, and various employees under 42 U.S.C. § 1983.  ECF No. 14.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 20.  Because of the plaintiffs' violations of discovery rules and orders, the Court recommends that their case be dismissed with prejudice.

## II.    Background

In November 2021, defendants served plaintiffs with their first set of interrogatories and request for production of documents, including authorizations for employment and medical records.  ECF No. 23, PageID.217, 219.  When plaintiffs failed to respond, defendants moved in February 2022 to compel plaintiffs' answers to discovery.  ECF No. 23. The Court granted defendants' motion to compel these documents, ordered plaintiffs to answer the discovery requests, and warned plaintiffs "that their failure to comply with the discovery rules or court orders may result in sanctions, including the dismissal of their complaint."  *Id*., PageID.275-276.

Defendants moved to compel again in March 2022, asserting that plaintiffs provided some discovery answers but "refused to provide necessary information such as medical history, medical records, social security number, arrest history, any drugs taken at the time of the incident, any alcoholic beverages consumer prior to the incident and names and ages of children."  ECF No. 32, PageID.295; ECF No. 32-8, PageID.3. Plaintiffs responded that they participated in an April 2022 deposition, conferred on a proposed protective order, and were reviewing the proposed order.  ECF No. 38; ECF No. 39.  But defendants replied that plaintiffs failed to "sign and return the proposed protective order" and respond to the

2

second and third requests for production by the April 2022 discovery
deadline.  ECF No. 40, PageID.416-417; ECF No. 22.

The Court granted defendants' second motion to compel and denied
plaintiffs' late request for a protective order.  ECF No. 42.  Plaintiffs were
warned that their "failure to comply with the order is a serious violation that
permits the Court to enter sanctions up to dismissal of the action."  *Id*.,
PageID.437 (citing Fed. R. Civ. P. 37(b)(2)).  The Court ordered plaintiffs
to, within seven days of the entry of the order, "serve defendants with
answers to their requests for production of documents," "produce all
documents requested by defendants in their requests for production of
documents," and "serve defendants with the signed authorizations."  *Id.*,
PageID.437.  The Court warned that "[i]**f plaintiffs violate this order, the
Court will recommend that their complaint be dismissed and that
plaintiffs be ordered to pay defendants $500.00 in costs for having to
file their motion**."  *Id.*, PageID.438 (emphasis in original).

Later, defendants moved to extend the dispositive motions
deadline because plaintiffs produced no documents.  ECF No. 45,
PageID.538-539.  Finding good cause for extending the deadline, the
Court then ordered "plaintiffs to respond to defendants' assertion that
they have not produced the discovery ordered in ECF No. 42 by **June**

3

**9, 2022**.”  ECF No. 46, PageID.544 (emphasis in original).  The Court

warned that “[i]f plaintiffs do not respond as ordered or do not show

proof that they complied with the May 4th order, the Court will

recommend that plaintiffs’ complaint be dismissed under Federal Rule

of Civil Procedure 37 and this Court’s inherent authority.”  *Id.*  Plaintiffs

filed no response.

Plaintiffs’ failure to comply with discovery and court orders warrants

dismissal of their complaint.

### III.    Analysis

### A.

Courts may dismiss a plaintiff’s complaint as a sanction for violating

discovery orders, procedural rules, or court orders.  Fed. R. Civ. P. 37(b)-

(c), 41(b).  A court also has the inherent authority to sanction bad faith

conduct, “derive[d] from its equitable power to control the litigants before it

and to guarantee the integrity of the court and its proceedings.”  *First Bank*

*of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir.

2002).  “A primary aspect of [a court’s inherent authority] is the ability to

fashion an appropriate sanction for conduct which abuses the judicial

process.”  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

Although dismissal is a severe sanction, it is within a court's discretion. *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514, 520 (6th Cir. 2016). Four factors guide whether dismissal is proper: (1) whether the party's conduct was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* at 520-21.[1]

No one factor is dispositive, but bad faith is the preeminent consideration. *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010). And while pro se litigants are generally entitled to a degree of leniency, "pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Porton v. SP One, Ltd.*, No. 6:15-cv-566–Orl-40KRS, 2015 WL 1648893, at *2 (M.D. Fla. Apr. 13, 2015) (internal quotation marks omitted).

The Court addresses each factor below.

---

[1] These factors are the same whether proceeding under Rule 37(b), Rule 41(b), or a court's inherent authority. *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994).

### 1. Bad Faith

Sanctions are warranted "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons…or when conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (internal quotation marks omitted). "Bad faith" does not encompass mere negligence "but includes conduct that is either intentional or reckless." *Webastro Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 323 F. Supp. 3d 935, 939-40 (E.D. Mich. 2018). The Sixth Circuit has not settled the standard for finding bad faith—either by a preponderance of the evidence or clear and convincing evidence—but a court in this district inferred that the lesser standard of preponderance applies. *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 872-73 (E.D. Mich. 2017) (citing *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016)). Regardless of the proper standard, plaintiffs' noncompliance with the Court's orders warrants the dismissal of their complaint.

Plaintiffs have obstructed discovery at every turn, refusing to provide basic written discovery about their medical histories, medical records, and employment histories, despite defendants' persistent requests requiring motion practice to resolve these frivolous disputes. *See* ECF No. 23; ECF No. 32*;* ECF No. 32-8, PageID.372. They also failed to follow the Court's

6

February 17th and May 4th orders to comply with the discovery requests.

*See* ECF No. 28; ECF No. 42; ECF No. 46.  In belated objections to the

May 4th order, plaintiffs confirmed that they disregarded the order because

they believed that the requested information was "extremely overbroad,

burdensome, and seeks discovery of private information protected under

Federal statutes."  ECF No. 43, PageID.450-451.  Plaintiffs then filed no

response to the June 9th order about their failure to produce discovery

despite this Court's warning that it would recommend dismissal if they

failed to respond.  ECF No. 46, PageID.544.  And defendants said in July

2022 that plaintiffs still had produced no discovery.  ECF No. 48,

PageID.557.

Plaintiffs' stubborn disobedience of the discovery rules and orders

amounts to bad faith.  *Bass v. Jostens, Inc.*, 71 F.3d 237, 243 (6th Cir.

1995) (citation omitted) ("where a party demonstrates bad faith by failing to

meet dates set by the Court for compliance with discovery, despite being

warned about possible sanctions, the Court does not abuse its discretion in

finding that such 'callous disregard' of discovery orders justifies

dismissal."); *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 491 (E.D. Mich.

2020) (finding bad faith when plaintiff "repeatedly disregarded discovery

deadlines, even after those dates were extended"); *Roney v. Starwood*

7

*Hotels & Resorts Worldwide, Inc.*, 236 F.R.D. 346, 348 (E.D. Mich. 2006) (finding bad faith when the plaintiff repeatedly violated the court's orders and discovery rules and never produced documents).

### 2. Prejudice to Defense

Defendants have been prejudiced in that they have wasted time, money, and resources on fruitless efforts to obtain basic discovery.  ECF No. 23; ECF No. 32.  The discovery sought by defendants would go to the core of plaintiffs' claims of excessive force, intentional infliction of physical and emotional harm, false imprisonment with inadequate medical care, and pain and suffering.  *See* ECF No. 14, PageID.85, 91-99, 113-119.  Despite their efforts and court orders, defendants assert that plaintiffs "failed to produce a single item of discovery."  ECF No. 48, PageID.557.

Plaintiffs' failure to produce basic discovery supports the dismissal of their complaint.

### 3. Prior Warning and Consideration of Less Drastic Sanctions

The third factor addresses whether plaintiffs were warned that their conduct might lead to dismissal.  *Bradley J. Delp Revocable Trust*, 665 F. App'x at 520-21.  The Court did warn plaintiff three times that their failure to comply with discovery rules and court orders may lead to sanctions and the dismissal of their complaint.  ECF No. 23, PageID.275-276; ECF No. 42,

8

PageID.437-438; ECF No. 46, PageID.544.  And because of the evidence that plaintiffs acted in bad faith, no prior warning is necessary for the Court to dismiss their complaint.  *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (noting that a court need not "endure greater neglect and insult" when the record shows delay or contumacious conduct).

Finally, even though the Court must consider alternative sanctions, dismissal with prejudice is warranted when no other sanction would "protect [the] integrity of the judicial process."  *Bradley J. Delp Revocable Trust*, 665 F. App'x at 524; *see also Roney*, 236 F.R.D. at 349 ("[D]ismissal, as opposed to a lesser sanction, is warranted in this case based on Plaintiff's pattern of discovery abuse, which has not been deterred by court orders or the imposition of a monetary sanction.").  Given plaintiffs' repeated defiance of court orders and refusal to comply with the discovery process, dismissal with prejudice is the only sanction that will protect the integrity of the judicial process.

## IV.    Conclusion

The Court **RECOMMENDS** that Michael and Jerrell Vickers' case be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 17, 2022

9

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

10

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager